UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAVID CZELADA,

                    Plaintiff,                              Case No. 1:09-cv-180

v.                                                         HON. JANET T. NEFF

QAR, LLC,

                    Defendant.
_____/


## MEMORANDUM OPINION

Pending before the Court is defendant's Motion to Set Aside Default (Dkt 7). Plaintiff has filed a Response (Dkts 11, 13). Having considered the parties' submissions and the case circumstances, the Court grants defendant's motion.

Federal Rule of Civil Procedure 55(c) provides that the "court may set aside an entry of default for good cause." Three criteria are considered in determining whether "good cause" has been shown under Rule 55(c): "'(1) the default was willful, (2) set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious.'" *O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003) (quoting *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.,* 705 F.2d 839, 844 (6th Cir.1983) (citations omitted)). The district court has "considerable latitude" in deciding whether the "good cause" standard is met. *O.J. Distributing, supra* (quoting *United States v. Real Property & All Furnishings Known as Bridwell's Grocery & Video,* 195 F.3d 819, 820 (6th Cir. 1999). All disputed or ambiguous facts should be construed in the light most favorable to the movant. *Burrell v. Henderson,* 434 F.3d 826, 832 (6th Cir. 2006).

Considering the circumstances presented in this case, the Court is persuaded that good cause exists for setting aside the default. The default was not willful. Defendant's representatives and defense counsel made repeated contacts to plaintiff's counsel over several days in response to the filing of this action, even prior to plaintiff's application for entry of default.

Defendant promptly filed a motion to set aside the default. In light of the straightforward facts and nature of the case, plaintiff is unlikely to suffer undue prejudice if the default were set aside.

Additionally, the Court is persuaded that defendant has raised a meritorious defense sufficient to proceed with its defense on the merits. Despite the undisputed facts concerning debt collection actions defendant took against plaintiff, issues nevertheless remain concerning defendant's liability under 15 U.S.C. § 1692k(c), which provides:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

Accordingly, the default shall be set aside.

An Order consistent with this Opinion will be entered.


DATED: February 2, 2010        /s/ Janet T. Neff_____
                                            JANET T. NEFF
                                            United States District Judge